MoEliNNEY, J.,
delivered the opinion of the court.
This was an action of debt, brought by Owens against Wood, in the circuit court of Bedford, under the act of 1799, ch. 8, § 4, to recover back the sum of three hundred dollars lost on a “ horse. race.” There was a verdict and judgment for the plaintiff below, and the defendant appealed in error to this court.
It appears from a paper writing, found in the evidence, that the agreement with the defendant, Wood, *147 to run. tbe race, was made ostensibly by tbe plaintiff, Owens, in bis individual name; but tbe proof showed, that in reality, tbe money bet upon tbe race, was advanced by, and belonged to, said Owens and one Jacob Harrison.
Tbe present action was brought, and tbe declaration filed, in tbe joint names of Harrison & Owens; but at tbe subsequent term of tbe court, and preceding tbe trial, on motion of their attorney, leave was given to amend, by striking out tbe name of Harrison from tbe summons and declaration, and this amendment was made without objection, so far as appears from tbe record. It being made to appear on tbe trial, that Harrison bad an equal interest in tbe sum of money sought to be recovered back from tbe defendant, tbe position was assumed by tbe defendant’s counsel, that because of tbe non-joinder of tbe former tbe plaintiff could not maintain this action. Hpon this point, tbe circuit judge held, in substance, “that tbe written agreement between Owens and Wood, showing that they were tbe parties who made up tbe race, afforded tbe best evidence of tbe nature of tbe transaction,” and that if Harrison was secretly concerned and interested with tbe plaintiff unknown to tbe .defendant, Wood, and with whom be made no contract or agreement to run said race, that it was necessary to join him as plaintiff, &c.
We differ in opinion with bis honor, as to tbe legal principles which govern this case. Tbe right to recover back money lost, under tbe circumstances of this case, is in tbe face of tbe common law, and rests «alone upon tbe statute before referred to, and tbe rule prescribed by tbe act, must therefore govern. Tbe person provided for by tbe act, is tbe person “losing and paying or delivering” tbe money, or other valuable thing lost, *148 on horse raciug, or any other game or play whatever. The policy of the statute is, to restore to him the money, or property lost, or the value thereof, if sued for within ninety days thereafter, and the extent of the right of recovery is to be measured by the extent of the actual loss of money, or property, by the party. If this be a correct exposition of the statute, it follows that the present action is properly brought, and may well be maintained by the plaintif, to recover Ms own pwrt of the money lost, 'and paid over to the defendant, but for nothing more. The statute gives him no right to recover the money of another person, lost and paid over to the defendant upon the same race, merely upon the ground of some illegal association between the plaintiff and such other person in the horse race. Such other person has a right, under the statute, to complain, and sue for himself, and, if he declines to do so, no other person' can be heard to complain for him, as against all others, the successful party in the race, by whom the money or property was received, may retain it, and in doing so, may well stand upon the maxim of the common law: “Meliori est conditio possidentis.”
It is to be borne in mind, that, although “horse racing,” under certain restrictions, is so far tolerated by statute as to exempt the parties concerned from criminal prosecution, still, in all other respects it is illegal, and no valid contract, either express or implied, can arise out of such illegal transaction. Consequently, in legal contemplation, no such relation as that of partners, or j oint owners, or legal privity of any sort, can be created between the parties by force of such illegal transaction. The rights of the parties, so far as recognized by the *149 statute, must therefore, upon general principles, be regarded as several, and prosecuted accordingly. The case of Gray vs. Wilson, Meigs’ R., 394, is wholly different from the present case, in its facts, and this is all that need be said of it at present.
' It follows, in this case, that, as the plaintiff improperly recovered the share of the money belonging to Harrison, the judgment is erroneous.
Judgment. reversed.